# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY CREIGHTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-CV-187 SNLJ |
| | ) |
| IAN WALLACE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is incarcerated at the Southeast Correctional Center ("SCC"). He sues Ian Wallace, Warden of SECC; Paula Reed, Assistant Warden; and B. Meredith, Functional Unit Manager. He claims that inmates in administrative segregation are allowed only limited amounts of property. For example, he says they can only have five stamps five envelopes at a time. He does not allege, however, that he has suffered any injuries as a result of the policy, such as a missed court date or an illness due to poor hygiene. His allegations are entirely conclusory.

## Discussion

The complaint is legally frivolous because it does not contain any factual allegations, which if proved, would demonstrate a violation of plaintiff's constitutional rights. As a result, this action is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

An Order of Dismissal will be filed separately.

Dated this 14th day of July, 2016.

                                             _____
                                             STEPHEN N. LIMBAUGH, JR.
                                             UNITED STATES DISTRICT JUDGE